UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE QR ENERGY LP UNITHOLDER LITIGATION | Civil Action No. 4:14-cv-02195 |

**ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE**

The Parties,[1] having applied for an order seeking preliminary approval of a settlement of the above-captioned action, preliminary certification of a settlement class, approval of the form and manner of Notice to be provided to the Settlement Class (as defined herein), and a determination of other matters in connection with the Court's consideration of the proposed settlement of the Actions[2] (the "Settlement"), in accordance with the Stipulation of Settlement entered into by the Parties, dated April 24, 2015 (the "Stipulation");

NOW, upon consent of the Parties, after review and consideration of the Stipulation filed with the Court and the Exhibits annexed thereto, and after due deliberation,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Pursuant to Rule 23(b)(1) and Rule 23(b)(2) of the Federal Rules of Civil Procedure, the Court preliminarily certifies this case (the "Action") as a non-opt-out class action for purposes of settlement only, on behalf of a Settlement Class consisting of Plaintiffs and any

[1] Capitalized terms (other than proper nouns) that are not defined herein shall have the same meanings set forth in the Stipulation of Settlement.

[2] The "Actions" refers collectively to the four actions consolidated into the above-captioned Action: *Hoefgen v. Smith, et al.*, No. 4:14-cv-02195 (filed July 30, 2014); *Taylor v. Smith, et al.*, No. 4:14-cv-02243 (filed Aug. 5, 2014); *Bushansky v. Smith, et al.*, No. 4:14-cv-02601 (filed Sept. 9, 2014); and *Berlin v. Smith, et al.*, No. 4:14-cv-02644 (filed Sept. 12, 2014).

and all record holders and beneficial owners of any unit(s) of QRE who held any such unit(s) during the period beginning on and including July 23, 2014, through and including November 19, 2014 (the date of consummation of the Merger), including any and all of their respective successors-in-interest, predecessors, legal representatives, trustees, executors, administrators, heirs, assignees, or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them; provided, however, that the Settlement Class shall not include Defendants and, at all relevant times, the members of Defendants' immediate families, Defendants' legal representatives, heirs, successors, and assigns.

2. At the Settlement Hearing, the Court will consider, among other things, whether the Settlement Class should be finally certified pursuant to Rule 23(b)(1) and Rule (b)(2) of the Federal Rules of Civil Procedure.

3. Plaintiffs Samuel R. Hoefgen, Harry J. Taylor, as Grantee for Roy E. Toler, Michelle Burt, Michael Taylor and Jennifer Taylor, and Stephen Bushansky ("Plaintiffs") are provisionally appointed as class representatives, and WeissLaw LLP, Brodsky & Smith, LLC, and Levi & Korsinsky, LLP are provisionally appointed as Counsel for the Settlement Class and The Bilek Law Firm, LLP is provisionally appointed Liaison Counsel.

4. The Court preliminarily finds that the requirements of Rule 23(a) and Rule 23(b)(1) and Rule 23(b)(2) of the Federal Rules of Civil Procedure have been met for settlement purposes:

a. The members of the Settlement Class are so numerous that joinder of all members is impracticable;

b. There are questions of law or fact common to the Settlement Class, which predominate over any questions affecting only individual members;

c. The claims or defenses of the class representatives are typical of the claims or defenses of the Settlement Class, and the class representatives will fairly and adequately protect the interest of the Settlement Class;

d. The prosecution of separate actions by individual members of the Settlement Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Settlement Class, which would establish incompatible standards of conduct for Defendants;

e. Adjudications with respect to individual members of the Settlement Class would, as a practical matter, be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests; and

f. Defendants are alleged to have acted or refused to act on grounds that apply generally to the Settlement Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

5. The Court preliminarily approves the Stipulation, including all Exhibits thereto, and the Settlement set forth therein, and preliminarily finds that the Settlement is sufficiently fair, reasonable, adequate, and in the best interest of the Settlement Class to warrant notice to the Settlement Class and the scheduling of a fairness hearing, at which time the Court will hear any objections (subject to the procedures described below) and consider whether to give final approval to the Settlement.

6. A hearing (the "Settlement Hearing") shall be held on Sept 10, 2015, at 10:00 am/pm before the Honorable Gray H. Miller of the United States District Court for the Southern District of Texas, 515 Rusk Avenue, Houston, Texas, 77002, Courtroom ~~9010C;~~ 9D to:

a. Determine whether, for settlement purposes only, the Court's preliminary certification of the Settlement Class pursuant to Rule 23(b)(1) and Rule 23(b)(2) of the Federal Rules of Civil Procedure should be made final;

b. Determine whether Plaintiffs may be designated as class representatives and their Counsel may be designated as counsel to the Settlement Class;

c. Determine whether the Court should grant final approval of the proposed Settlement on the terms and conditions provided for in the Stipulation as fair, reasonable, and adequate and in the best interest of the members of the Settlement Class;

d. Determine whether judgment should be entered pursuant to the Stipulation, *inter alia*, dismissing the Actions and the Released Claims as to the Released Persons with prejudice as against Plaintiffs and the Settlement Class, releasing the Released Claims, and barring and enjoining prosecution of any and all Released Claims;

e. Consider Plaintiffs' Counsel's application for an award of attorneys' fees and expenses to be paid (if and only if awarded by the Court);

f. Hear objections, if any, made to the Settlement or any of its terms; and

g. Hear and determine other matters relating to the proposed Settlement.

7. The Court reserves the right to adjourn the Settlement Hearing or any part thereof, including the consideration of the application for attorneys' fees and expenses, without further notice of any kind other than oral announcement at the Settlement Hearing or any adjournment thereof.

8. The Court reserves the right to approve the Settlement at or after the Settlement Hearing with such modifications as may be consented to by the parties to the Stipulation and without further notice to the Settlement Class.

9. The Court approves, in form and content, the Notice of Pendency of Class Action, Proposed Settlement of Class Action, and Settlement Hearing, substantially in the form attached as Exhibit B to the Stipulation (the "Notice"), and finds that the mailing of the Notice, as set forth in paragraph 10 below, will fully satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and applicable law, is the best notice practicable, and shall constitute due and sufficient notice of the Settlement and Settlement Hearing and all other matters referred to in the Notice to all persons entitled to receive such Notice. At least ten (10) calendar days prior to the Settlement Hearing, Defendants' counsel shall file with the Court an appropriate affidavit or declaration with respect to the preparation and mailing of the Notice to the Settlement Class.

10. At least fourteen (14) calendar days after entry of this Order, QRE shall, at its expense, cause a copy of the Notice, substantially in the form attached as Exhibit B to the Stipulation, to be mailed by first class United States mail, postage prepaid, to all members of the Settlement Class who can be identified with reasonable effort, at their last known addresses appearing in the unitholder transfer records maintained by or on behalf of QRE. All record holders in the Settlement Class who were not also the beneficial owners of common units of

QRE ("Units") are directed to forward the Notice to the beneficial owners of those Units or to provide the notice administrator selected by QRE (the "Notice Administrator") with a list of the names and addresses of beneficial owners of such Units within ten (10) business days after the receipt of the Notice. QRE, through the Notice Administrator, shall use reasonable efforts to give notice to such beneficial owners of Units by (a) making additional copies of the Notice available to any record holders who, prior to the Settlement Hearing, request the same for the purpose of distribution to such beneficial owners of Units, and/or (b) mailing copies of the Notice to beneficial owners of Units whose addresses have been provided to the Notice Administrator by the record holders of such Units.

11. Any member of the Settlement Class who objects to the proposed Settlement may appear at the Settlement Hearing in person or through counsel to show cause why the Settlement should not be approved as fair, reasonable, adequate, and in the best interests of the Settlement Class, or otherwise request to be heard concerning the Settlement. However, no person or entity (other than the Parties and their counsel of record) may be heard at the Settlement Hearing, and no papers, briefs, pleadings, or other documents submitted by any person or entity shall be considered by the Court unless, not later than ten (10) business days prior to the Settlement Hearing, such person or entity files with the Court and serves upon each of the counsel of record listed below: (a) a written notice of the intention to appear; (b) proof of membership in the Settlement Class by way of brokerage statement, account statement, or other document evidencing ownership of QRE units; (c) a detailed summary of his, or, or its objections to any matter before the Court; (d) the grounds therefor or the reasons why he, she, or it desire to appear and be heard; and (e) all documents and writings which he, she, or it wants the Court to consider.

The above-described papers must be (a) served by hand delivery or overnight mail on the following counsel of record no later than ten (10) business days prior to the Settlement Hearing:

WEISSLAW LLP
Richard A. Acocelli
Michael R. Rogovin
Kelly C. Keenan
1500 Broadway, 16th Floor
New York, NY 10036
Tel: (212) 682-3025
Fax: (212) 682-3010

VINSON & ELKINS LLP
Michael Holmes
Elizabeth C. Brandon
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201
Telephone: (214) 220-7700
Facsimile: (214) 220-7716
mholmes@velaw.com
ebrandon@velaw.com

BRODSKY & SMITH, LLC
Evan Smith
Marc L. Ackerman
Two Bala Plaza, Suite 510
Bala Cynwyd, PA 19004
Tel: (610) 667-6200
Fax: (610) 667-9029

LATHAM & WATKINS LLP
Blair G. Connelly
Blake T. Denton
885 Third Avenue
New York, New York 10022
Telephone: (212) 906-1200
Blair.Connelly@lw.com
Blake.Denton@lw.com

LEVI & KORSINSKY LLP
Shane T. Rowley
Justin G. Sherman
30 Broad Street, 24th Floor
New York, New York 10004
Tel: (212) 363-7500
Fax: (866) 367-7500

BRACEWELL & GIULIANI LLP
Stephen B. Crain
Tony L. Visage
711 Louisiana Street, Suite 2300
Houston, Texas 77002
Telephone: (713) 223-2300
Facsimile: (800) 404-3970
stephen.crain@bgllp.com
tony.visage@bgllp.com

and (b) filed with the Court in this Action no later than ten (10) business days prior to the Settlement Hearing. Any member of the Settlement Class who fails to make his, her, or its objection(s) in the manner provided herein shall be deemed to have waived such objection(s) (including any right of appeal) and shall be forever barred from making any such objection(s),

including, without limitation, any objection to the fairness or adequacy of the proposed Settlement, unless otherwise ordered by the Court.

12. All proceedings in this Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of this Court. All members of the Settlement Class are preliminarily enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action or claim for relief asserting or relating to any of the Released Claims.

13. If the Settlement, including any amendment made in accordance with the Stipulation, is not approved by the Court or the Effective Date of the Settlement fails to occur for any reason whatsoever, the Stipulation (including any modification thereof), the Settlement Class certification herein, and any actions taken or to be taken in connection therewith (including this Preliminary Order and any judgment entered herein) shall be terminated and shall become null and void and of no further force and effect except for QRE's obligation to pay for expenses incurred in connection with the Notice and administration thereof provided for by this Preliminary Order, and neither the MOU, the Stipulation, nor any provision contained therein, nor any action undertaken pursuant thereto, nor the negotiation thereof by any party, shall be deemed an admission or offered or received as evidence at any proceeding in this or any other action or proceeding.

14. In any event, none of the MOU, the Stipulation, nor any provisions contained therein, nor any negotiations, statements, or proceedings in connection therewith, shall be construed as, or deemed to be evidence of, an admission or concession on the part of any of the Parties, members of the Settlement Class, or any other person or entity of any liability or absence of liability as to any claim alleged or asserted in the Actions or otherwise, and shall not be

offered or received in evidence in any action or proceeding (except in an action or proceeding to enforce the terms and conditions of the Stipulation), or be used in any way as an admission, concession, or evidence of the existence or absence of any liability or wrongdoing of any nature, and shall not be construed as, or deemed to be evidence of, an admission or concession that Plaintiffs, their Counsel, or the members of the Settlement Class, or any present or former unitholder of QRE, or any other person or entity, has or has not suffered any damage.

15. If the Settlement provided for in the Stipulation shall be approved by the Court following the Settlement Hearing, an Order and Final Judgment shall be entered in the form attached as Exhibit C to the Stipulation.

16. The Court retains exclusive jurisdiction over this Action to consider all further matters arising out of or connected with the proposed Settlement.

SO ORDERED this 29th day of April, 2015.

GRAY H. MILLER
United States District Judge