IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE QR ENERGY LP UNITHOLDER LITIGATION | § § § § § § § § | Lead Case No.: 4:14-cv-02195 |
| THIS DOCUMENT RELATES TO: | | MASTER FILE |
| ALL ACTIONS. | | |

## ORDER AND FINAL JUDGMENT

On **September 10**, 2015, a hearing having been held before this Court to determine whether the terms and conditions of the Stipulation of Settlement, dated April 24, 2015 (the "Stipulation"), which is incorporated herein by reference, and the terms and conditions of the settlement proposed in the Stipulation (the "Settlement") are fair, reasonable, and adequate for the settlement and release of claims as set forth in the Stipulation; and whether an Order and Final Judgment ("Judgment") should be entered in this case (the "Actions"[1]); and the Court having considered all matters submitted to it at the hearing and otherwise;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.  This Judgment incorporates by reference the definitions in the Stipulation. All capitalized terms other than proper nouns that are not defined herein shall have the meanings set forth in the Stipulation.

2.  The mailing of the Notice of Pendency of Class Action, Proposed Settlement of

---

[1] The "Actions" refers collectively to the four actions consolidated into the above-captioned consolidated action: *Hoefgen v. Smith, et al.*, No. 4:14-cv-02195; *Taylor v. Smith, et al.*, No. 4:14-cv-02243; *Bushansky v. Smith, et al.*, No. 4:14-cv-02601; and *Berlin v. Smith, et al.*, No. 4:14-cv-02644.

1

Class Action, and Settlement Hearing (the "Notice") pursuant to and in the manner prescribed in the Order Preliminarily Approving Settlement and Providing for Notice entered on April 29, 2015 (the "Preliminary Order"), which was mailed by United States first class mail, postage prepaid, beginning on May 13, 2015, is hereby determined to be the best notice practicable under the circumstances and in full compliance with Rule 23 of the Federal Rules of Civil Procedure, the requirements of due process, and applicable law. It is further determined that all members of the Settlement Class are bound by the Judgment herein.

3. The Court finds that the Actions are a proper non-opt-out class action pursuant to Rule 23(b)(1) and (b)(2) of the Federal Rules of Civil Procedure and hereby certifies, for purposes of the Settlement only, the Settlement Class consisting of:

> [A]ny and all record holders and beneficial owners of any unit(s) of QRE who held any such unit(s) during the period beginning on and including July 23, 2014 through and including November 19, 2014 (the date of consummation of the Merger), including any and all of their respective successors-in-interest, predecessors, legal representatives, trustees, executors, administrators, heirs, assignees, or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them; provided, however, that the Settlement Class shall not include Defendants and, at all relevant times, the members of Defendants' immediate families, Defendants' legal representatives, heirs, successors, and assigns.

4. Plaintiffs Samuel R. Hoefgen, Harry J. Taylor, as Grantee for Roy E. Toler, Michelle Burt, Michael Taylor and Jennifer Taylor, Stephen Bushansky, and Irwin J. Berlin ("Plaintiffs") are appointed as class representatives and WeissLaw LLP, Brodsky & Smith, LLC, and Levi & Korsinsky, LLP are appointed as counsel for the Settlement Class.

5. The Court finds, for the purposes of the Settlement only, that each of the requirements of Rule 23(b)(1) and (b)(2) of the Federal Rules of Civil Procedure have been satisfied for the reasons set forth below:

    a. The members of the Settlement Class are so numerous that joinder of all

2

members is impracticable;

b. There are questions of law or fact common to the Settlement Class, which predominate over any questions affecting only individual members;

c. The claims or defenses of the class representatives are typical of the claims or defenses of the Settlement Class, and the class representatives will fairly and adequately protect the interest of the Settlement Class;

d. The prosecution of separate actions by individual members of the Settlement Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Settlement Class, which would establish incompatible standards of conduct for Defendants;

e. Adjudications with respect to individual members of the Settlement Class would, as a practical matter, be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests; and

f. Defendants are alleged to have acted or refused to act on grounds that apply generally to the Settlement Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

6. The Settlement of the Actions as provided for in the Stipulation is approved as fair, reasonable, adequate, and in the best interests of Plaintiffs and the Settlement Class.

7. The parties to the Stipulation are hereby authorized and directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation, and the Clerk of the Court is directed to enter and docket this Judgment.

8. The Actions and the Released Claims are hereby dismissed on the merits and with prejudice, and without costs.

9. Upon the Final Settlement Date, Defendants, Plaintiffs, and each of the Settlement Class members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged the Released Claims against the Released Persons and any and all claims arising out of, relating to, or in connection with, the defense, settlement or resolution of the Action against the Released Persons. Defendants, Plaintiffs, and each of the Settlement Class members shall be deemed to have, and by operation of the Judgment shall have, covenanted not to sue any Released Person with respect to such Released Claims, and shall be permanently barred and enjoined from instituting, commencing or prosecuting the Released Claims against the Released Persons except to enforce the Releases and other terms and conditions contained in this Stipulation and/or Judgment entered pursuant thereto.

10. Upon the Final Settlement Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of Defendants, Plaintiffs and Plaintiffs' Counsel from all Claims, whether known or unknown, arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement or resolution of the Action or the Released Claims. Nothing herein shall in any way impair or restrict the right of any Party to enforce the terms of the Stipulation. The Parties expressly acknowledge, and all the members of the Settlement Class shall be deemed to acknowledge that: (i) they may hereafter discover facts in addition to those that they now know or believe to be true with respect to the Action and the Released Claims; and (ii) they may have sustained damages, losses, fees, costs and/or expenses that are presently

unknown and unsuspected, and that such damages, losses, fees, costs and/or expenses as the Parties and any member of the Settlement Class may have sustained might give rise to additional damages, losses, fees, costs and/or expenses in the future. Nevertheless, the Parties expressly acknowledge, and all members of the Settlement Class shall be deemed to acknowledge, that this Stipulation has been negotiated and agreed upon in light of such possible unknown facts and such possible damages, losses, fees, costs and/or expenses, and each expressly waives, or shall be deemed to have waived, any and all rights under California Civil Code section 1542 and under any other federal or state statute or law of similar effect.

11. Plaintiffs and all Settlement Class members, and their respective heirs, executors, administrators, estates, predecessors-in-interest, predecessors, successors-in-interest, successors, and assigns of any of them, and anyone claiming through or on behalf of any of them, are hereby permanently barred and enjoined from instituting, commencing, or prosecuting, either directly or in any other capacity, any of the Released Claims against any of the Released Persons.

12. As of the Effective Date, Defendants and the Released Persons shall be deemed to have fully, finally, and forever released, relinquished, and discharged Plaintiffs, members of the Settlement Class, and Lead Counsel from all claims arising out of the institution, prosecution, settlement, or resolution of the Action; provided, however, that Defendants and the Released Persons shall retain the right to enforce this Judgment, the terms of the Stipulation, or the Settlement.

13. None of the Settlement, the Memorandum of Understanding executed by Plaintiffs and Defendants on November 10, 2014 (the "MOU"), or the Stipulation shall be deemed a presumption, concession, or admission by any of the parties as to the merits, or lack thereof, of any allegations, claims, or defenses that have been or might be alleged or asserted in

the Actions or any other action or proceeding that has been, will be, or could be brought, and shall not be interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used by any person in the Actions or in any other action or proceeding, whether civil, criminal, or administrative, for any purpose other than as provided expressly herein; provided, however, that the Stipulation and/or Judgment may be introduced in any proceeding, whether in the Court or otherwise, as may be necessary to argue that the Stipulation and/or Judgment has *res judicata*, collateral estoppel, or other issue or claim preclusion effect or to otherwise consummate or enforce the Settlement and/or Judgment.

14. Lead Counsel are hereby awarded attorneys' fees and expenses in the amount of $472,500 in connection with the Action, which amount the Court finds to be fair, reasonable, and adequate. Such attorneys' fees and expenses shall be paid by QRE (or its successor(s) and/or insurer(s)) pursuant to the relevant provisions of the Stipulation. No counsel representing any plaintiff or member of the Settlement Class in the Actions shall make any further or additional application for fees and/or expenses to the Court or any other court.

15. If the Effective Date does not occur, this Judgment shall be rendered null and void and shall be vacated, and, in such event, all orders entered and releases delivered in connection herewith shall be null and void, and the parties shall be returned, without prejudice in any way, to their respective litigation positions immediately prior to the execution of the MOU on November 10, 2014.

16. The binding effect of this Judgment and the obligations of Plaintiffs and Defendants under the Settlement shall not be conditioned upon or subject to the resolution of any appeal from this Judgment that relates solely to the issue of Lead Counsel's (or any other counsel's) application for an award of attorneys' fees and expenses.

17. Without affecting the finality of this Judgment in any way, the Court reserves jurisdiction over all matters relating to the administration and consummation of the Settlement.

SO ORDERED this  10th  day of  September , 2015.

_____
The Honorable Gray H. Miller
United States District Judge